IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HENRY ALONZO THOMAS, ) | |
| AIS #131996, ) | |
|  ) | |
| Plaintiff, ) | |
|  ) | |
| v. ) | CIVIL ACTION NO. 2:10-CV-788-ID |
|  ) | [WO] |
|  ) | |
| CAPT. HARDY, et al., ) | |
|  ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Henry Alonzo Thomas ["Thomas"] initiated this 42 U.S.C. § 1983 complaint challenging the conditions of confinement to which he was subjected during his prior confinement at the Montgomery City Jail. On September 22, 2010, this court entered an order, a copy of which the Clerk mailed to Thomas. The postal service returned this order because Thomas no longer resided at the address he had provided for service. In light of the foregoing, the court entered an order requiring that on or before October 12, 2010 Thomas inform the court of his present address. *Order of October 1, 2010 - Court Doc. No. 7*. This order specifically cautioned Thomas that his failure to comply with its directives would result in a recommendation that this case be dismissed. *Id*. Thomas has filed nothing in response to the October 1, 2010 order. The court therefore concludes that this case is due to be dismissed.

**CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case

be dismissed without prejudice for failure of the plaintiff to properly prosecute this action.

It is further

ORDERED that on or before November 11, 2010 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 28th day of October, 2010.

                                                /s/Charles S. Coody  
                                                CHARLES S. COODY  
                                                UNITED STATES MAGISTRATE JUDGE